### SAMUEL E. PETERS v. EDWARD B. FISHER.

*Release pending appeal in summary proceedings to recover possession.*

Where a landlord recovers possession from his tenant in summary proceedings, and pending appeal by the tenant the term claimed by him expires, and the landlord immediately lets the premises to tenant's wife, the appellant cannot plead this as a fact puis darrein amounting to surrender by himself and acceptance by the landlord and precluding judgment for the landlord on the appeal.

Complainant in summary proceedings to recover possession of land from

ı tenant who is found to have been wrongfully holding over when the proceeding was begun, is entitled to judgment for restitution and to damages and costs; and if, pending appeal by the tenant, the term claimed by him expires, and the landlord regains possession, the landlord's right to recover damages and costs upon affirmance of the judgment in his favor is not thereby lost, even though he no longer requires process to restore him to possession.

Error to Wayne. (Jennison, J.) Apr. 11.—Apr. 18

PROCEEDINGS to recover possession of leased premises. Defendant brings error. Reversed.

*Sylvester Larned* for appellant.

*Edward S. Grece* for appellee. Where complainant in proceedings to recover possession has a good cause of action when the proceedings are begun, he does not lose his right to a judgment for costs and rent by taking possession pending suit: *Hebron Church v. Adams* 121 Mass. 257; *Colburn v. Palmer* 8 Cush. 124; *King v. Lawson* 98 Mass. 309; *Casey v. King* id. 503; as to the inadmissibility of the plea puis darrein: *Blish v. Harlow* 15 Gray 319; *Colburn v. Palmer* 8 Cush. 124; *Hayden v. Ahearn* 9 Gray 438; *Crosby v. Wentworth* 7 Met. 10.

COOLEY, J. Complainant took proceedings before a circuit court commissioner to recover possession of premises which he had leased to respondent, and which he claimed respondent was holding unlawfully after the term had expired. The controversy in the case had regard to the length of the term; complainant testifying that the leasing was from month to month only, and had been terminated by notice; while respondent claimed it was for a full year, which had not expired when the case was tried by the commissioner. The trial of the commissioner resulted in a verdict for the complainant, and respondent appealed to the circuit court, giving for that purpose the statutory bond for the payment of such judgment as might be rendered on the appeal.

Before the case was brought to trial in the circuit court,

the year for which respondent claimed to have leased the premises expired, and his wife thereupon applied for and received a lease of the same premises from the complainant. The respondent then claimed this fact puis darrein, claiming it constituted a surrender of the premises by himself and an acceptance by the complainant, the effect of which was to preclude any judgment in favor of complainant in this proceeding. The circuit judge took this view, and directed a verdict for respondent, upon which judgment was entered in his favor for costs.

There is no claim on the part of the respondent that when he surrendered possession of the premises complainant condoned any wrong which he may have suffered at respondent's hands by reason of his holding over wrongfully, if such was the fact. On the contrary he simply surrendered the premises after by means of his appeal he had succeeded in retaining possession to the full extent of his claim of right. Neither is there any claim that when complainant accepted a new tenant he did so with the purpose to abandon any claim he might have against the defendant for being kept out of possession up to that time. He accepted another tenant because the alternative was that the premises would have been left vacant with no claim against the defendant or any one else for rent or damages. Any rule of law which, under such circumstances, would deprive the complainant of his remedy for previous wrongs if he undertook to save himself from loss for the future by taking and leasing his land when the defendant allowed him to do so, would be so unreasonable and unjust that it could not for a moment be tolerated.

The question at issue in the case before the commissioner and on the appeal was whether the respondent was holding the premises wrongfully when the proceeding was begun. If he was, the complainant was entitled, not only to a judgment of restitution, but also to damages and costs. His claim to these was an equitable one if he maintained the case on the facts; and nothing has been done by him since, which detracts from his equities in any particular. The

case should, therefore, have been tried and determined on the merits. It is true that if he recovers he will not require process to restore him to possession ; but his right to recover his damages and costs is unaffected by that circumstance. *Hebron Church v. Adams* 121 Mass. 257.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.